J-S34034-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL LEE COLLINS, | : | |
| | : | |
| Appellant | : | No. 1811 WDA 2017 |

Appeal from the Judgment of Sentence October 11, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012112-1993

BEFORE:     BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED JULY 26, 2018**

Carl Lee Collins (Appellant) appeals from the October 11, 2017 judgment of sentence imposed following a resentencing hearing pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012),[1] and ***Commonwealth v. Batts (Batts II)***, 163 A.3d 410 (Pa. 2017).  We affirm.

This Court previously summarized the facts of this homicide.  Briefly, on August 31, 1993, while Appellant was 16 years old, he shot and killed a man during a robbery in Pittsburgh.  Specifically, after observing Odell Mahaffey and Claude Mason drive around Elmore Square, Appellant told his friend that "if they come back around again, it's on[.]"  N.T., 3/17-

_____

[1] In ***Miller***, the United States Supreme Court held that a "mandatory [sentence of] life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments."  567 U.S. at 465 (internal quotations omitted).

*Retired Senior Judge assigned to the Superior Court.

3/21/1994, at 168. When Mahaffey and Mason drove around again and asked Appellant if Mason's brother was nearby, Appellant concocted a ruse, telling Mason that his brother was on the phone behind a building. After Mason checked behind the building and realized that Appellant was lying, Appellant robbed Mahaffey and Mason at gunpoint and forced them to pull their pants down. Mahaffey and Mason did not have anything to turn over in the robbery. Appellant shot Mahaffey in the stomach, and ran away laughing. *Commonwealth v. Collins*, 679 A.2d 843 (Pa. Super. 1996) (unpublished memorandum at 1-4).

> On March 21, 1994, a jury convicted [A]ppellant of second[-]degree murder and related offenses[. O]n May 17, 1994, [A]ppellant was sentenced to an aggregate, mandatory sentence of life imprisonment without the possibility of parole.
>
> On May 15, 1996, this [C]ourt affirmed the judgment of sentence[. O]n October 31, 1996, our [S]upreme [C]ourt denied appeal. *Commonwealth v. Collins,* 679 A.2d 843 (Pa.[ ]Super.[ ]1996) (unpublished memorandum), *appeal denied*, 685 A.2d 542 (Pa.[ ]1996). Appellant has [] pursued multiple, unsuccessful PCRA petitions.

*Commonwealth v. Collins*, 118 A.3d 456 (Pa. Super. 2015) (unpublished memorandum at 1).

Following the decision in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016), that *Miller* applies retroactively to cases on collateral appeal, Appellant *pro se* filed his fifth PCRA petition on February 23, 2016, seeking resentencing for his second-degree murder conviction based on *Miller* and *Montgomery*.

The PCRA court granted Appellant's PCRA petition, and a resentencing hearing was held on October 11, 2017. At the resentencing hearing, the PCRA court considered two pre-sentence investigation (PSI) reports, two sentencing memoranda, a report from the mitigation expert, testimony from Appellant, testimony from individuals on behalf of Appellant and the victim, and the arguments of counsel before fashioning Appellant's new sentence of 30-years-to-life imprisonment. N.T., 10/11/2017, at 3, 5-6, 8-52. Appellant filed a post-sentence motion requesting a reduced minimum sentence of 27 or 28 years. Appellant's Post-Sentence Motion, 10/18/2017, at 2. The PCRA court denied the motion without a hearing. Appellant *pro se* timely filed a notice of appeal,[2] and the PCRA court appointed new counsel to represent Appellant on appeal.[3]

On appeal, Appellant presents the following issues for our consideration: (1) whether the PCRA court erred in applying 18 Pa.C.S. § 1102.1 retroactively in violation of the *ex post facto* clauses of the United States and Pennsylvania constitutions; and (2) whether Appellant's sentence is manifestly excessive because the PCRA court failed to consider certain mitigating factors. Appellant's Brief at 3.

---

[2] "This Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]" **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 3 -

Appellant first claims that the PCRA court, in violation of the *ex post facto* clauses of the United States and Pennsylvania constitutions, applied 18 Pa.C.S. § 1102.1(c)(1) retroactively by imposing the 30-year mandatory minimum sentence "and did not merely rely on that provision for guidance in an independent assessment of an [appropriate] sentence of incarceration to impose." Appellant's Brief at 16. A claim that a sentence violates the *ex post facto* clause implicates the legality of Appellant's sentence. ***See Commonwealth v. Perez***, 97 A.3d 747, 750 (Pa. Super. 2014). "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014) (citations and quotations omitted).

Following the holding in ***Miller***, the Pennsylvania General Assembly enacted 18 Pa.C.S. § 1102.1 to establish the sentencing scheme for juveniles convicted of first- and second-degree murder after June 24, 2012 (*i.e.*, post-***Miller***). For juveniles convicted pre-***Miller***, the statute does not apply. Instead, a sentencing court may impose a minimum term-of-years sentence and a maximum sentence of life imprisonment, "exposing these defendants to parole eligibility upon the expiration of their minimum sentences." ***Batts II***, 163 A.3d at 439. In determining the minimum term-of-years sentence in pre-***Miller*** cases, lower courts must consult the sentencing requirements codified at 18 Pa.C.S. § 1102.1 for guidance. ***Id.***

at 457.  Specifically for a juvenile convicted of second-degree murder pre-

*Miller*, the portion of section 1102.1 that a lower court must consider is the

guidelines set forth in subsection 1102.1(c)(1), *see Commonwealth v.*

*Melvin*, 172 A.3d 14, 22 (Pa. Super. 2017), which provides, in relevant

part, as follows.

> **(c) Second degree murder.--**A person who has been convicted
> after June 24, 2012, of a murder of the second degree[] and
> who was under the age of 18 at the time of the commission of
> the offense shall be sentenced as follows:
>
>> (1) A person who at the time of the commission of the
>> offense was 15 years of age or older shall be sentenced to
>> a term of imprisonment the minimum of which shall be at
>> least 30 years to life.

18 Pa.C.S. § 1102.1(c)(1).

At the resentencing hearing, the PCRA court considered two PSI

reports, two sentencing memoranda, a report from the mitigation expert,

testimony from Appellant, testimony from individuals on behalf of Appellant

and the victim, and the arguments of counsel regarding how the court

should consider the guidelines set forth in subsection 1102.1(c)(1), before

fashioning Appellant's new sentence.  N.T., 10/11/2017, at 3, 5-6, 8-52.  In

its Rule 1925(a) opinion, the PCRA court stated that it

> considered the lay and expert testimony, [Appellant's] exhibits
> and evidence of his rehabilitation activities, evaluated the *Miller*
> age-related factors[4] and imposed a sentence which took all of

---

[4] As the Court in *Batts II* explained,
*(Footnote Continued Next Page)*

these factors into consideration.  The new sentence – 30 years to life – is a significant downward departure from the prior life sentence without the possibility of parole and reflects [Appellant's] efforts towards rehabilitation.

PCRA Court Opinion, 3/15/2018, at 10-11.

Appellant argues that the PCRA court's application of the **Miller** age-related factors, codified in subsection 1102.1(d), "suggests the [PCRA court] actually applied provisions of [s]ection 1102.1 rather than considered them for guidance."  Appellant's Brief at 15.  We have held that a sentencing court must consider the **Miller** age-related factors only in cases where the

*(Footnote Continued)* ─────────────

[t]he **Miller** Court concluded that sentencing for juveniles must be individualized. This requires consideration of the defendant's age at the time of the offense, as well as "its hallmark features," including:

immaturity, impetuosity, and failure to appreciate risks and consequences[;] ... the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional[;] ... the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him[;] ... that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys[;] ... [and] the possibility of rehabilitation ... when the circumstances [*i.e.* (the youthfulness of the offender)] most suggest it.

**Batts II**, 163 A.3d at 431 (citations omitted).  **See also** 18 Pa.C.S. § 1102.1(d) (articulating these factors).

- 6 -

Commonwealth is attempting to meet its burden of overcoming the presumption against juvenile LWOP sentences. *Commonwealth v. Melvin*, 172 A.3d 14, 24 (Pa. Super. 2017). Here, the Commonwealth was not seeking a LWOP sentence. Thus, the *Miller* age-related factors did not need to be considered, because "application of the *Miller* factors [wa]s immaterial." *Commonwealth v. Machicote*, 172 A.3d 595, 602 n.3 (Pa. Super. 2017), *appeal granted*, ___ A.3d ___, 2018 WL 2324339 (Pa. May 22, 2018). However, there was nothing prohibiting the trial court from considering these mitigating factors. *See Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003) (stating that courts may consider other factors relevant to sentencing that are not already included in the sentencing guidelines).

Moreover, the PCRA court engaged in an extensive analysis of the record, consulted the guidelines set forth in subsection 1102.1(c)(1) for guidance, and imposed an individualized sentence of 30-years-to-life imprisonment in accordance with *Batts II*. *See Melvin*, 172 A.3d at 22 (affirming Melvin's judgment of sentence in a pre-*Miller* case where the "PCRA court found persuasive the 'logic' of subsection 1102.1(c)(1) and imposed a thirty-year-to-life sentence" compliant with *Batts II*). Accordingly, Appellant has not convinced us that the PCRA court applied section 1102.1 *ex post facto* resulting in an illegal sentence.

Appellant's second claim implicates the discretionary aspects of his sentence. It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal [was timely-filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo,* 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal; he sought reconsideration of his sentence in a post-sentence motion; and his brief includes a Pa.R.A.P. 2119(f) statement. Therefore, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul,* 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the

- 8 -

sentencing process." ***Commonwealth v. Griffin,*** 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Appellant contends that the PCRA court "failed to consider [Appellant's] educational achievements and nonviolent prison adjustment over the last 24 years and existence of strong family support to aid his adjustment into society." Appellant's Brief at 12. This amounts to an allegation that his minimum sentence is manifestly excessive because the PCRA court failed to consider certain mitigating factors.

> "[P]rior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors [have] been less than a model of clarity and consistency." ***Commonwealth v. Seagraves****,* 103 A.3d 839, 842 (Pa.[ ]Super.[ ]2014) (citing [***Commonwealth v. Dodge***, 77 A.3d 1263 (Pa. Super. 2013)]). In []***Dodge****,* this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. ***Dodge***[, 77 A.3d] at 1273.
>
> This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

***Commonwealth v. Caldwell***, 117 A.3d 763, 769–70 (Pa. Super. 2015) (*en banc*) (some citations and quotation marks omitted). Based on the above precedent, we find that Appellant has raised a substantial question and will review the merits of his claim.

We review discretionary-aspects-of-sentence claims under the following standard.

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich,* 903 A.2d 1247, 1252–53 (Pa. Super. 2006)

(citations omitted).

Appellant contends that the PCRA court placed too much weight on the seriousness of the crime, and too little weight on his rehabilitative efforts. Appellant's Brief at 20-24.[5]  Our review of the sentencing transcript indicates otherwise.

> I do find that [Appellant] was clearly 16 years old when this happened and three months.  The crime has always identified [Appellant] as the shooter.  This is a totally senseless crime.  The victim had no money. There was certainly no reason to shoot him let alone humiliate him as well as his friend.  I find this to be a particularly heinous crime.

> [Appellant's] childhood has two stories.  He had a very difficult childhood and was raised by an abusive, alcoholic mother who was also mentally ill.  There, however, was some support from his father and clearly support from his brother. Today, [Appellant] claims to have a relationship with his brother. …  I do not question, however, that his brothers are supportive of him, have been a good influence and continue to support him.

> Although [Appellant] was hanging -- and I put that in air quotes -- with the Bloods in this case when the crime occurred, he said that he was not an active member.  I have no reason to

---

[5] Appellant also disagrees with the PCRA court's assessment of the homicide as heinous.  Given the facts of this case, recounted *supra*, we find no error in the PCRA court's assessment of this homicide as heinous.

- 10 -

disbelieve that. There were also some admissions of drug and alcohol use.

However, **I find most significant in this case [Appellant's] development at the institutions in which he has been placed**. In the beginning, he had some minor misconduct, but none for the past many years. I do find it interesting, as [the attorney for the Commonwealth] pointed out, that in 2008, he was still professing his innocence and did so through a PCRA hearing before this [c]ourt which the [c]ourt found … his witness to be not credible.

I do also find that he, in part at least, began his rehab in … 1995[,] which was when the first certificate was issued, and this was long before the **Miller** decision. This is important to me because I've had a number of juveniles [who] have come before me [who] started rehabilitating after the **Miller** decision. [Appellant] has a huge list of accomplishments, and most important is his dedication to help others and to improve their lives. I think, [Appellant], that you were sincere in making yourself a better person, so the sentence is vacated, and I'm going to sentence [Appellant] at the second[-]degree murder case to serve a term of 30 years to life imprisonment.

N.T., 10/11/2017, at 50-52 (emphasis added).

Contrary to Appellant's claim, the PCRA court placed the greatest weight on the mitigating factor of Appellant's rehabilitative efforts. As outlined *supra*, the PCRA court considered two PSI reports, two sentencing memoranda, a report from the mitigation expert, testimony from Appellant, testimony from individuals on behalf of Appellant and the victim, and the arguments of counsel regarding guidance from section 1102.1. N.T., 10/11/2017, at 3, 5-6, 8-52. ***See Commonwealth v. Boyer,*** 856 A.2d 149, 154 (Pa. Super. 2004) (stating that where the sentencing court has the benefit of a PSI report, it is presumed to have considered all relevant

information); ***Commonwealth v. Eicher***, 605 A.2d 337, 355 (Pa. Super. 1992) (concluding that "[b]ecause it is apparent from the []sentencing transcript that the sentencing court did not focus solely on the seriousness of the offenses but expressly applied the relevant mitigating factors in fashioning appellant's sentence, we find no merit to appellant's claim that the mitigating factors were ignored or assigned insufficient weight by the lower court."). We find that the PCRA court considered all relevant information, conducted an extensive analysis of the record before it, and crafted an individualized sentence that placed great weight on Appellant's rehabilitative efforts. Accordingly, because Appellant's sentence is compliant with subsection 1102.1(c)(1) and ***Batts II***, and the PCRA court had the benefit of two PSI reports, two sentencing memoranda, and a mitigation expert report, we find that the PCRA court did not abuse its discretion.

After a thorough review of the record, we find Appellant has presented no issue on appeal that would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/26/2018